United States District Court　　Southern District of Texas

| | |
|---|---|
| Tyrone Jones, § § § Plaintiff, § § versus § § Michael J. Astrue, § § Defendant. § | Civil Action H-09-2289 |

# Opinion on Summary Judgment

1. *Introduction.*

   The question is whether substantial evidence supports the commissioner's decision that Tyrone Jones is not disabled under the Social Security Act. It does.

   Under 42 U.S.C. §§ 405(g), 416(i) and 423, Jones brought this action for judicial review of the commissioner's final decision to deny disability insurance benefits. Astrue has moved for summary judgment; Jones has not responded or moved.

2. *Standard of Review.*

   Judicial review is limited to determining whether there is substantial evidence in the record to support the commissioner's decision. Substantial evidence is a level of proof that a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). A decision unsupported by substantial evidence must be overturned. Also, a decision unsupported by cogent facts is arbitrary, failing the requirement that governmental process be regular. U.S. Const. amend. V. This court may not independently try issues afresh or substitute its judgment for that of the secretary. *Jones v. Heckler,* 702 F.2d 616 (5th Cir. 1983).

3. *The Statutory Criteria.*

   The law provides a five-step sequential evaluation process to determine if a claimant is disabled. 20 C.F.R. §404.1520(a)(1). Step one, a claimant is not disabled if he is involved in

any substantial gainful activity. 20 C.F.R. §404.1520(a)(4)(i). Step two, a claimant is not disabled unless a medically determinable impairment lasts for a minimum of twelve months. 20 C.F.R. §404.1520(a)(4)(ii). Step three, a claimant is not disabled if he does not have an impairment that meets or equals one of the listings in appendix 1. 20 C.F.R. §404.1520(a)(4)(iii). Step four, if the commissioner cannot make a determination at the first three steps, then he will consider the limiting effects of any medically determinable impairments on the claimant's residual functional capacity to work. If the claimant can still perform his past relevant work, then he is not disabled. 20 C.F.R. §404.1520(a)(4)(iv). Step five, a claimant is not disabled if he can make an adjustment to other work that exists in significant numbers in the national economy. 20 C.F.R. §404.1520(a)(4)(v).

4.  *Evidence.*

    A.  *Background.*

    Jones is a 53-year-old man who claims a disabling combination of diabetes, vision impairment, neuropathy, foot pain, and depression.

    Jones taught kindergarten until June of 2004. He applied for disability benefits on January 13, 2006. The agency denied his application, and he requested a hearing.

    In April of 2008, the hearing officer found that Jones was not disabled because he did not have medical evidence that met or equaled Listing 9.08 for diabetes or 2.02 for vision impairment. The hearing officer found that he could perform medium work.

    B.  *Application.*

    The hearing officer properly found that Jones was not disabled. The five-step process was correctly followed.

    Step one, Jones was not gainfully employed.

    Step two, Jones had been impaired for more than twelve months.

    Step three, his injuries did not match the list nor did they combine to equal the requirements for diabetes or vision impairment. A medical examiner testified that his diabetes was not severe enough to meet the listing for disability because it requires end organ damage. Jones's vision after cataract surgery was 20/60 and 20/40, sufficient to read size 12 font and above.

    Step four, the hearing officer then decided whether Jones could perform his past work as a kindergarten teacher. The hearing officer considered Jones's available records, analysis by

the medical examiner, and findings of a vocational technician. The officer found that Jones could not perform his past relevant work.

Step five, the hearing officer determined whether Jones could work another job that is prevalent in the national economy. The hearing officer found that Jones could do medium work with the restrictions: he could not drive, work around crowds, and read font smaller than 14-point type. The officer said that Jones could work as a janitor, kitchen aide, or laundry sorter.

Jones said that he could walk for ten to fifteen minutes and lift fifteen pounds. His medical records show that he is capable of a full range of motion. His subjective complaints of fatigue and foot pain are not corroborated by physical examinations. He testified that he goes to church, out to eat, and on walks. The hearing officer properly concluded that Jones's diabetes did not impede him from unskilled medium work subject to limits on driving, crowds, and small print.

Jones's own records also show that his cataract surgery in 2006 drastically improved his vision from 15/200 and 10/200 in 2005 to 20/40 and 20/60 in 2007. His visual impairment is slight. Even before his cataract surgery, his consulting physician said that he could read large print and work with large objects. The hearing officer properly concluded that Jones vision does not prevent him from unskilled medium work subject to limits on driving, crowds, and small print.

While Jones takes a modest dosage of an anti-depressant, he has not sought or received mental health treatment. He testified that he does not like crowds and cannot sleep well because he is worried about his condition. However, Jones also testified that he washes and dresses himself, goes to church, shops for groceries, goes out to eat, and does some chores. His depression has not crippled him at home and the hearing officer correctly concluded that it would not prevent him from performing unskilled medium work.

6.  *Conclusion.*

The decision of the commissioner denying Tyrone Jones's claim for disability insurance is supported by substantial evidence and will be affirmed.

Signed on May 27, 2010, at Houston, Texas.

Lynn N. Hughes
United States District Judge